UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES N. SPEYRER AND PENNY SPEYRER** <br><br> **VERSUS** <br><br> **WERNER COMPANY** | **CIVIL ACTION** <br><br> **NUMBER:** <br><br> **SECTION:** <br> **JUDGE** _____ <br> ("\_\_") <br><br> **DIVISION:** <br> **MAGISTRATE JUDGE** <br> _____ <br> ("\_\_") |

**COMPLAINT FOR DAMAGES**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUSIANA AND THE JUDGES THEREOF:

The complaint of James N. Speyrer and Penny Speyrer by and through their undersigned counsel with respect represents that:

1.

Plaintiffs, James N. Speyrer and Penny Speyrer, are a married couple of the full age of majority and domiciled in the Parish of Livingston, State of Louisiana.

2.

Defendant Werner Company (hereinafter "Werner"), is a Delaware Corporation, with its principal place of business located at 555 Pierce Road, Suite 300, Itasca, Illinois 60143. Werner is licensed to do business in the State of Louisiana and at all pertinent times has done business in the State of Louisiana and within the jurisdiction of this Honorable Court. Werner may be served with process through its registered agent for service of process: CT Corporation System located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

3.

Jurisdiction of this matter is based upon diversity of citizenship, 28 U.S.C. 1332(a)(1), as the amount in controversy, exclusive of interests and costs, exceeds $75,000.

4.

Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2) as a substantial part of the events and/or omissions giving rise to this claim occurred in Livingston Parish, Louisiana and within the jurisdiction of this Honorable Court.

5.

At all times pertinent hereto, Werner was engaged in the business of manufacturing, distributing, marketing, selling, and servicing ladders, including, but not limited to the Werner Twelve Foot Type IA Fiberglass Step Ladder 6212.

6.

On May 12, 2021, Mr. Speyrer was power washing the exterior of a property owned by his family when he climbed up a twelve (12) foot tall fiberglass step ladder, which was, upon information and belief, a Twelve Foot Type IA Fiberglass Step Ladder 6212, manufactured by Werner. As he climbed onto the sixth step of the ladder, the Werner ladder collapsed suddenly and without warning, causing Mr. Speyrer to violently fall to the ground.

7.

As a direct, proximate and legal cause of Werner's negligence and the defective, hazardous, unsafe and unreasonably dangerous nature and condition of the ladder, Mr. Speyrer sustained severe injuries, including but not limited to, significant fractures to his left arm, requiring major surgery.

8.

Mr. Speyrer continues to suffer from injuries related to this incident and will likely require ongoing medical treatment.

9.

The injuries and damages of Mr. Speyrer were legally and proximately caused by the fault of Werner and its officers, agents, employees and those for whom it is legally responsible.

10.

Defendant, under all applicable laws, including but not limited to, the Louisiana Products Liability Act, LSA-R.S. § 9:2800.51, *et seq.*, is liable unto Plaintiffs for all of their injuries and damages for designing, manufacturing, marketing, distributing, and/or selling a product, particularly the aforesaid Werner Twelve Foot Type IA Fiberglass Step Ladder 6212 (or similar model), that Mr. Speyrer was using at the time of his injury, which ladder was defective and unreasonably dangerous in design, construction or composition, because inadequate warnings about the product had not been provided, and/or because the fiberglass step ladder did not conform to an express warranty of the manufacturer about the fitness of said product and this defective and unreasonably dangerous step ladder caused Mr. Speyrer's injuries.

11.

Defendant is also liable for its negligence pursuant to Article 2315 of the Louisiana Civil Code, including for the following acts of commission and/or omission:

a) Improper/defective design of the ladder from a handling, durability and stability standpoint;

b) Improper design, construction, and manufacture of the ladder as to create an unreasonable and dangerous propensity to fail under normal and foreseeable circumstances which caused harm;

c) Failing to provide a reasonable and adequate warning to buyers and users of the ladder and thereby causing harm;

d) Marketing the ladder in such a way as to mislead buyers and users as to the safety and stability thereof from a reasonably anticipated use of the ladder;

e) Improper and inadequate testing of the ladder and its components;

f) Failing to conduct tests on the ladder to examine durability and stability and warn users of dangerous propensities;

g) Failing to conform to an express warranty; and

h) Any and all other acts of negligence and/or fault to be shown at the time of trial.

12.

Mr. Spreyer is entitled to recover the following elements of damages:

a) Mental and physical pain and suffering;

b) Permanent scarring and disfigurement;

c) Loss of quality of life;

d) Past and future medical expenses; and

f) All other elements damages as allowed by law.

13.

Additionally, as a result of the tortious actions alleged herein, Penny Speyrer has been caused to suffer a loss of consortium. The injuries of Mr. Speyrer have caused Mrs. Speyrer to suffer loss of love and affection, loss of society and companionship, loss of performance of material services, and loss of support, aid, and assistance.

14.

Plaintiffs request a trial by jury.

**WHEREFORE**, Plaintiffs, James Speyrer and Penny Speyrer, pray that Defendant, Werner Company, through its proper agent for service of process, be duly served with a copy of

4

this Complaint for Damages and that after due proceedings are had, Plaintiffs pray for judgment in their favor and against Defendant in all amounts reasonable under the premises, with legal interest thereon from date of judicial demand, for all costs of these proceedings, for all appropriate legal and equitable relief, and for a trial by jury.

    Respectfully submitted,

    **GAINSBURGH, BENJAMIN, DAVID,**
    **MEUNIER & WARSHAUER, L.L.C.**

BY: */s/ Brittany R. Wolf-Freedman*
    **Walter C. Morrison, IV (La. Bar No. 34687)**
    **Brittany R. Wolf-Freedman (La. Bar No. 36733)**
    2800 Energy Centre
    1100 Poydras Street
    New Orleans, Louisiana 70163-2800
    Telephone: (504) 522-2304
    Facsimile: (504) 528-9973
    E-mail: wmorrison@gainsben.com
    E-mail: bwolf@gainsben.com

    **John H. Stevens (La. Bar No. 20382)**
    GRENFELL & STEVENS, PLLC
    1535 Lelia Drive (39216)
    P. O. Box 16570
    Jackson, Mississippi 39236-6570
    Telephone: (601) 366-1900
    Facsimile: (601) 366-1799
    Email: Jstevens91@aol.com

    *Attorneys for Plaintiffs, Jimmy Speyrer and Penny Speyrer*

**PLEASE SERVE:**

**Werner Company**
Through its registered agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816